UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　　Plaintiff,<br><br>　v.<br><br>DENYS KOROTKIY,<br><br>　　　　　　Defendant. | CASE NO.:  22-CR-2762-TWR<br><br>ORDER DENYING MOTION FOR JUDGEMENT OF ACQUITTAL |

　　　Pending before the Court is defendant Denys Korotkiy's Motion for Judgement of Acquittal ("Motion"). [ECF No. 97.] The Government has filed an opposition to the Motion. [ECF No. 98.]

　　　In his Motion, defendant Korotkiy does not challenge the sufficiency of the Government's evidence at trial. Rather, he renews his previously asserted position that the indictment "failed to charge crimes against the United States."[1] Defendant

---

[1]　Defendant Korotkiy does allege that the Government "failed to prove" the crimes for which he now stands convicted. *See* Motion at p. 2, line 15. Aside from that singular assertion, the Motion fails to address the Government's trial evidence. The Court finds that the Government introduced sufficient evidence during trial to sustain the jury's verdict.

Korotkiy makes clear the basis of his acquittal request:

> The Court should renounce the government's attempt to in effect enforce MARPOL on a worldwide basis by seeking to subject a foreign citizen to U.S. criminal jurisdiction for conduct occurring outside the United States with no demonstrable impact on this country—other than allegedly causing some foreign citizen to "fail" to have an accurate record of events that did not occur or have impact here and that relate to matters our government has expressly agreed would be regulated and, if they in fact occurred, punished, only by a foreign government.

*See* Motion at p. 9, lines 8-14. As the Motion fails to meaningfully address the sufficiency of the evidence to support defendant Korotkiy's convictions, it is DENIED as legally insufficient. *See United States v. Viayra*, 365 F.3d 790, 793 (9th Cir. 2004) ("Rule 29 motions for acquittal do not need to state the grounds upon which they are based because **the very nature of such motions is to question the sufficiency of the evidence to support a conviction**.") (*quoting United States v. Gjurashaj*, 706 F.2d 395, 399 (2d Cir. 1983) (emphasis added); *United States v. Figueroa-Paz*, 468 F.2d 1055, 1058 (9th Cir. 1972) ("The test [for a Rule 29 motion] is whether at the time of the motion there was relevant evidence from which the jury could reasonably find appellant guilty beyond a reasonable doubt, viewing the evidence in the light favorable to the Government.").

Assuming, *arguendo*, that defendant Korotkiy's challenge to the Government's legal authority to bring the crimes charged in the indictment could properly be considered in the context of a post-trial Rule 29 motion for acquittal, the Court denies the Motion on its merits. More specifically, the legal arguments advanced in the Motion have all been previously considered and rejected by the Court in the context of defendant Korotkiy's Motion to Dismiss Count 2, filed as ECF No. 53, and during the pretrial motion *in limine* hearing. For the reasons

1 | previously stated by the Court and those set forth in ECF Nos. 57, 69 and 98, the
2 | Motion is DENIED.

**IT IS SO ORDERED.**

Dated: 7/3/2023

_____
HONORABLE TODD W. ROBINSON
United States District Court Judge